UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| STARR INDEMNITY & LIABILITY CO., as subrogee of CHANNEL PRIME ALLIANCE, a division of RAVAGO HOLDINGS AMERICA, INC., <br><br>  Plaintiff, <br><br> v. <br><br> LUCKEY LOGISTICS, INC.[1] and AFFTON TRUCKING COMPANY, INC. <br><br>  Defendants. | Case No. 1:16-cv-01377-JBM-JEH |

## ORDER & OPINION

The matter is before the Court on Defendant Affton Trucking Company's Motion to Dismiss for Improper Venue Pursuant to Federal Rule of Civil Procedure 12(b)(3). (Doc. 20). For the reasons explained below, the Motion is granted and the case is transferred to the District of Nebraska.

I. **BACKGROUND**

Plaintiff[2] entered into an agreement with Defendants to transfer four different loads of polypropylene resin between December 19, 2014 and January 29, 2015. (Doc.

---

[1] The Court notes that Plaintiff's Motion to File an Amended Complaint (Doc. 17) states that "the correct identity of that Defendant is 'Luckey Transfer, LLC.'" (Doc. 17 at 1).

[2] Starr Indemnity is the insurer of Ravago and Channel Prime Alliance ("CPA"). CPA is a division of Ravago and both CPA and Ravago sell polymer resin and distribution. Starr satisfied the insurance claim made by CPA and Ravago and now seeks to inforce its subrogation rights against the parties responsible for the aforesaid loss. (Doc. 19 at 2).

19 at 2). Defendant Affton transported the first shipment from Kansas City, Kansas to Broken Bow, Nebraska. (Doc. 19 at 3). Defendant Luckey transported the second, third, and fourth loads from Des Moines, Iowa to Broken Bow, Nebraska. (Doc. 19 at 3). A bill of lading was generated by the respective transporting Defendant for each of the four deliveries. (Doc. 19 at 3). The cargo was accepted with no exceptions noted and the polypropylene resin from all four loads was placed in one silo in Broken Bow, Nebraska. (Doc. 19 at 3-4). One, or possibly more, of the trucks used to carry the polypropylene had previously carried polyethylene. (Doc. 19 at 4). The polyethylene contaminated the polypropylene in the truck and then when the four trucks' loads were placed in the silo, all of the polypropylene in the silo became contaminated. (Doc. 19 at 4). This was not discovered until the Broken Bow facility attempted to use the polypropylene and experienced difficulties. (Doc. 19 at 4).

On October 4, 2016, Plaintiff filed a Complaint in this Court against Defendants seeking recovery under the Carmack Amendment, 41 U.S.C. § 14706. (Doc. 1). On February 17, 2017, Defendant Affton filed a Motion to Dismiss or Transfer Venue. (Doc. 15). On March 3, 2017, Plaintiff sought leave to file an Amended Complaint, which was granted and Plaintiff filed an Amended Complaint. (Doc. 17). On March 8, 2017, Defendant Affton filed a Motion to Dismiss for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3). (Doc. 20).[3]

---

[3] After Defendant Affton filed its second Motion to Dismiss for Improper Venue, Plaintiff accused Defendant Affton of trying to "take a second bite at the apple" and "back-handedly attempting to file a sur-reply." The Court would like to direct Plaintiff to Local Rule 7.1(E), which states:
> "Whenever an amended pleading is filed, any motion attacking the original pleading will be deemed moot unless specifically revived by the moving party within 14 days after the amended pleading is served."

2

## II. LEGAL STANDARDS

On a motion to dismiss for improper venue under Federal Rule of Civil Procedure 12(b)(3), the burden lies with the plaintiff to show that the venue is proper. *Emjayco ex rel. Troy v. Morgan Stanley*, 901 F. Supp. 1397, 1400 (C.D. Ill. 1995) (citations omitted). The plaintiff must show that venue is proper as to all defendants and all claims. *Id.* (citations omitted). The allegations in a plaintiff's complaint are to be taken as true, unless controverted by the defendant's affidavits; and any conflict is to be resolved in the plaintiff's favor. *Id.* (citing *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). To survive a motion to dismiss for improper venue, a plaintiff must allege or establish facts to support venue in its chosen district. *Id*. The Court "may examine facts outside the complaint in order to determine whether venue is proper." *Faur v. Sirius Int'l Ins. Corp.*, 391 F. Supp. 2d 650, 657 (N.D. Ill. 2005).

## III. DISCUSSION

Plaintiff has failed to allege enough facts to support that the Central District of Illinois is a proper venue for Defendant Affton. Therefore, the best remedy is to transfer the case to the District of Nebraska, which is a proper venue for both Defendants. To come to this conclusion, the Court first examines the Carmack Amendment's special venue provision to determine if it provides proper venue over Defendant Affton. Because it does not, the Court then examines whether the Carmack Amendment's special venue provision is restrictive or permissive. Because the Court determines that Carmack Amendment's special venue provision is

---

Therefore, Defendant Affton was required to renew its motion to dismiss or the Court would find it moot. The Court would like to advise Plaintiff to consult the Local Rules before filing material with the Court.

3

permissive, the Court then examines the general venue statute to determine if it provides proper venue over Defendant Affton. After determining that the Central District of Illinois is not a proper venue, the Court examines the availability remedies and whether there is a district that would be proper for both defendants.

## A. CARMACK AMENDMENT SPECIAL VENUE PROVISION AND DISCUSSION

Plaintiff has failed to establish proper venue for Defendant Affton under the Carmack Amendment. The Carmack Amendment contains a special venue provision. It reads:

> "(d) Civil actions.
> (1) Against delivering carrier. A civil action under this section ***may*** be brought against a delivering carrier in a district court of the United States or in a State court. Trial, if the action is brought in a district court of the United States is *in a judicial district*, and if in a State court, is in a State *through which the defendant carrier operates*.
> (2) Against carrier responsible for loss. A civil action under this section ***may*** be brought against the carrier alleged to have caused the loss or damage, *in the judicial district in which such loss or damage is alleged to have occurred*."

49 U.S.C. § 14706 (2016) (emphasis added). Therefore, venue may be found against a "delivering carrier" or a "carrier responsible for the loss." Plaintiff has not alleged enough facts to satisfy either subsection.

Plaintiff's statement on the Court's jurisdiction over Defendant Affton simply states:

> "Upon information and belief, AFFTON TRUCKING COMPANY, INC. ("Affton") is a transportation company headquartered in St. Louis, Missouri and regularly conducts business in Illinois, such that the exercise of this Court's jurisdiction over it would not offend the traditional notions of fair play and substantial justice."

(Doc. 19 at 2).

4

As to Defendant Affton, venue would be proper as a delivering carrier if the action is brought in a federal judicial district through which Defendant Affton operates. 49 U.S.C. § 14706(d)(1). However, Plaintiff has not alleged that Defendant Affton operates in the Central District of Illinois. Plaintiff has merely alleged that Defendant Affton operates in the states of Illinois, which is insufficient to establish proper venue. *See, e.g., Cargo-Master, Inc. v. Coast Midwest Transp.*, No. 3:97-CV-1637-G, 1998 U.S. Dist. LEXIS 12707, at *4 (N.D. Tex. 1998) ("An allegation that defendant operates within the state says nothing about its operations within this district. . . "); *Ponce De Leon Hosp. Corp. v. Avalon Logistics, Inc.*, 117 F. Supp. 3d 124, 130 (D.P.R. 2015) (finding proper venue under § 14706(d)(1) because it was well established that the defendants operated routes which "actually transports property" through the District of Puerto Rico).

Venue would be proper for the carrier responsible for the loss if the action is brought in the judicial district in which such loss or damage has occurred. 49 U.S.C. § 14706(d)(2). However, Affton shipped one truckload of polypropylene resin from Kansas City, Kansas to Broken Bow, Nebraska. Therefore, the alleged damage did not take place in the Central District of Illinois. Because of this, Plaintiff has not alleged sufficient facts to show that the Central District of Illinois is a proper venue for Defendant Affton under either of the Carmack Amendment's special venue subsections.

### B. CARMACK AMENDMENT'S SPECIAL VENUE PROVISION IS PERMISSIVE

Although Plaintiff was unable to establish proper venue under the Carmack Amendment's special venue provision, Plaintiff may still establish proper venue

5

under the general venue statute, if the Carmack Amendment's special venue provision is permissive and not restrictive. Congress has established both "general venue" statutes, e.g. 28 U.S.C. § 1391, and "special venue" statutes, which explicitly cover venue for a particular type of action, e.g. 49 U.S.C. § 14706(d). When the special venue provisions are permissive, they may be supplemented by the more expansive provisions of the general venue statutes. *See Pure Oil Co. v. Suarez*, 384 U.S. 202, 207 (1966). "Situations in which courts find that Congress intended to restrict venue under a special provision so as to preclude the application of the general venue statute are rare." *Halliburton Energy Servs., Inc. v. NL Indus.*, No. H-05-4160, 2006 U.S. Dist. LEXIS 50853, at *22 (S.D. Tex. July 25, 2006). Therefore, the Court must determine whether the special venue statute is permissive or restrictive in nature.

When a special venue statute is restrictive, the action may only be brought in a district permitted by the special venue statute. *Pacer Global Logistic, Inc. v. AMTRAK*, 272 F. Supp. 2d 784, 790 (E.D. Wis. 2003). The analysis of a special venue provision must be specific to that particular statute, because Congress has intended some cases, but not all, to be restrictive. *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 204 (2000).

Based on the language of the text, the Court finds that the Carmack's special venue provision is permissive. The Court notes that the language of the provision is "may," which is a permissive term. It does not use restrictive terms like "shall" or "only," which would indicate restriction or exclusivity. *See, e.g., Landstar Ranger, Inc. v. Global Experience Specialists, Inc.*, No. 5:14-cv-193-RLV-DCK, 2016 U.S. Dist. LEXIS 87434, at *6 (W.D.N.C. July 6, 2016) (finding the Carmack Amendment's

special venue provision to be permissive because "the statute uses the singular and discretionary term 'may,' rather than 'shall' or 'must,' or even 'may' modified by the limiting 'only.'") (citations omitted).

If Congress wished to restrict venue to the special provision, it could have done so and has done so in other portions of the Carmack Amendment. In a separate provision of the Carmack Amendment, pertaining to rail carriers, the special venue provision states that "a civil action under this section *may only* be brought. . . ." 49 U.S.C. § 11706. Before 1980, plaintiffs were able to bring their Carmack claims against rail carriers in any judicial district where the carrier operated. *Sompo Japan Ins. Co. of Am. v. Yang Ming Marine Transp. Corp.*, 578 F. Supp. 2d 584, 595 (S.D.N.Y. 2008), *abrogated on other grounds by Sompo Japan Ins. Co. of Am. v. Yang Ming Marine Transp. Corp.*, 578 F. Supp. 2d 584 (S.D.N.Y. 2008) ("Sompo II"). In 1980, Congress amended the railway special provision because it was "virtually uncontrollable and frequently inconvenient." *Id.* (citing H.R. Rep. No. 96-1430, at 102 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4410). As a result, Congress changed the language of § 11706(d)(2)(A) to state "a civil action under this section *may only* be brought." Therefore, it is evident that Congress intended to restrict Carmack Amendment claims against railways to the venues designated in its specific venue provision. *See id.* (collecting cases finding the § 11706 special venue provision to be a restrictive provision).

However, Congress has not amended the § 14706 provision to include any similarly restrictive language. Therefore, the Court finds that Congress has not intended for § 14706 to be a restrictive special venue provision. Because § 14706 is a

7

permissive special venue statute, Plaintiff may establish proper venue under either it or the general venue provision of 28 U.S.C. § 1391.

C. GENERAL VENUE PROVISION AND DISCUSSION

Therefore, Plaintiff may establish proper venue for Defendant Affton under the general venue provision; however Plaintiff has failed to do so. The general venue provision reads:

> "(b) Venue in general. A civil action may be brought in –
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391. The general venue statutes defines "residency" as

> "For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State. . . ."

28 U.S.C. § 1391(d). Because Illinois has three federal judicial districts, a corporation must have contacts with the Central District of Illinois sufficient to subject it to personal jurisdiction if it were its own state in order for venue to be proper.

Venue would be proper in a judicial district in which a substantial part of the events took place. 28 U.S.C. § 1391(b)(2). However, for Defendant Affton's delivery, that would be in either the District of Kansas or the District of Nebraska, not the Central District of Illinois. Therefore, venue is not proper under § 1391(b)(2). *See, e.g.,*

*Hoeller v. Barrington*, 619 F. App'x 534, 535 (7th Cir. 2015) (affirming a dismissal for improper venue from the Eastern District of Wisconsin because all of the harm occurred in the Northern District of Illinois, therefore venue could not be proper under § 1391(b)(2)); *Green v. Beth*, No. 15-cv-540-bbc, 2017 U.S. Dist. LEXIS 13693, at *2 (W.D. Wis. Feb. 1, 2017) (transferring a case from the Western District of Wisconsin to the Eastern District of Wisconsin because none of the events occurred in the Western District of Wisconsin); *Howard v. Rodgers*, No. 16-cv-158-jdp, 2017 U.S. Dist. LEXIS 11591, at *4-5 (W.D. Wis. Jan. 26, 2017) (transferring a case from the Western District of Wisconsin to the District of Kansas because none of the events occurred in the Western District of Wisconsin). Additionally, because venue may be brought in the Districts of Kansas or Nebraska, there is a judicial district where the action may otherwise be brought; therefore, venue cannot be proper in the Central District of Illinois under § 1391(b)(3). *See, e.g., Taylor v. Armstrong*, 38 F. App'x 337, 339 (7th Cir. 2002) ("Subsection 1391(b)(3) would allow venue in Indiana . . . only if 'there is no district in which the action may otherwise be brought'; because this action may be prosecuted in Connecticut, this option is unavailable.").

Venue would be proper in a judicial district in which any defendant is located, if all defendants are residents of the States. 28 U.S.C. § 1391(b)(1). Defendant Luckey is headquartered in the Central District of Illinois; therefore, the Central District of Illinois would be proper venue if all of the defendants are residents of Illinois.

However, Plaintiff has not alleged enough facts to show that Defendant Affton is a resident of any district of Illinois.[4]

Because Defendant Affton is a corporation and Illinois has multiple judicial districts, Defendant Affton's "residency" is determined by whether its contacts with the Central District of Illinois would be sufficient to subject it to personal jurisdiction if the district was a separate state. 28 U.S.C. § 1391(d). However, Plaintiff has not alleged that Defendant Affton has any specific contacts with the Central District of Illinois. Nor has Plaintiff alleged that Defendant Affton has any specific contacts with the Northern or Southern Districts, which could also support residency in Illinois under § 1391(d) and proper venue in the Central district pursuant to § 1391(b)(1). Rather Plaintiff has only alleged generally that Defendant Affton conducts business in the state of Illinois; which is not sufficient to establish that Defendant Affton is a resident under § 1391(d). *See KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 733 (7th Cir. 2013) ("Section 1391(d) requires analysis of a defendant's contacts with the specific district; if these are insufficient, then venue is not proper, regardless of the defendant's contacts elsewhere in the state.").

Therefore, the Court finds that the Central District of Illinois is not a proper venue for the Defendant Affton under either the Carmack Amendment's special venue provision or the general venue provision.

Plaintiff argues that it should be sufficient for venue purposes that the Central District of Illinois is a proper venue for Defendant Luckey, because "Carmack's

---

[4] The Court notes that Defendant Affton argues that because it is headquartered in St. Louis, Missouri, it is not a resident of Illinois. However, that disregards the definition of resident that the general statute provides. *See* 28 U.S.C. § 1391(c)-(d).

10

purpose is to relieve cargo owners of the burden of searching out a particular negligent carrier from among the often numerous carriers handling interstate shipment of goods." *Kawasaki Kisen Kaisha Ltd. V. Regal-Beloit Corp.*, 561 U.S. 89, 98 (2010) (quoting *Reider v. Thompson*, 339 U.S. 113, 119 (1950)). However, the Carmack Amendment's purpose is not sufficient to establish a rule that a court must only find proper venue for one defendant.

The general rule is that venue must be proper for each defendant and each claim. *Emjayco*, 901 F. Supp. at 1400. Plaintiff has provided no legal support for the argument that if venue is found proper for one Carmack Amendment defendant, that it is proper for all. Furthermore, Plaintiff's argument that the Carmack Amendment's purpose is sufficient to support that rule is unpersuasive here. Plaintiff is correct in asserting that the purpose of the Carmack Amendment is to prevent cargo owners from having to search out a particular carrier amongst many carriers; however, that occurs when Shippers A, B, and C all provide transportation in delivering the goods from the first place to the second. Then, the Carmack Amendment provides that there should be just one bill of lading and the plaintiff should not have to "search out" the particular carrier. However, here we have four single deliveries that were made by two different delivery companies; the companies were not responsible for separate portions of one delivery process, but rather four distinct deliveries, which produced four separate bills of lading. Therefore, the facts here are distinguishable and Plaintiff's argument is insufficient to provide proper venue.

Furthermore, Plaintiff's concern that "[a]doption of Affton's argument would force claimants to bring suits in multiple jurisdictions for the same claim" is

11

unwarranted. As will be discussed in more detail below, the District of Nebraska serves as a proper venue for both Plaintiff's claims against Defendant Affton and Defendant Luckey. Therefore, there is a single location where Plaintiff would be able to properly bring one suit against both Defendants.

### D. REMEDYING THE IMPROPER VENUE

Because the Court finds that the Central District of Illinois is the improper venue for Defendant Affton, the Court must now address the proper remedy. When a district court is an improper venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Therefore, when venue is proper as to one defendant but not another, the Court has three options: 1) it may dismiss the action; 2) it may transfer the entire case to another district where venue is proper for all defendants, or 3) sever the claims in the case and retain jurisdiction over those defendants for whom venue is proper. *See, e.g., Alltech, Inc. v. Carter*, No. 5:08-cv-00325-KKC, 2010 WL 988987, at *4 (E.D. Ken. Mar. 15, 2010).

Defendant Affton argues that the claim should be dismissed because Plaintiff failed to meet its burden to establish proper venue. However, dismissal for improper venue is generally disfavored when the case could be transferred to a proper district. *See Nanz Trustee, Inc. v. Amer. Nat'l Bank & Trust Co.*, 423 F. Supp. 930, 932 (E.D. Wis. 1977) ("Dismissal of an action for improper venue is a severe penalty. . . .Dismissal therefore should be reserved for that action where its institution in an improper forum smacks of harassment or evidences some other element of bad faith on the plaintiff's part.") (quoting Moore's Federal Practice para. 0.146[5] (2d ed. 1976)

12

at 1666); *Van Gelder v. Taylor*, 621 F. Supp. 613, 621-22 (N.D. Ill. 1985) ("Normally, if venue is not proper in the district court where the action is initiated, transfer to a proper district or division is preferred over dismissal.") (citations omitted). Furthermore, because the alleged events took place between December 19, 2014 and January 29, 2015, there is a possibility that if the claims were dismissed, any claim Plaintiff refiled in a proper venue would be untimely.[5] *See also Granger v. Rauch*, 388 F. App'x 537, 541 (7th Cir. 2010) (collecting cases which hold that transfer from an improper venue is preferable to dismissal to protect against timeliness and statute of limitations issues). Therefore, the Court finds that it is not in the interest of justice to dismiss the claim.

E. **THE DISTRICT OF NEBRASKA IS A PROPER VENUE FOR BOTH DEFENDANTS**

Because venue is proper for all Defendants in the District of Nebraska, the Court finds that the best remedy is to transfer the entire case there.[6] In order to

---

[5] The Court notes that the time in which Plaintiff must file a claim is governed by the bill of lading. The Carmack Amendment only provides that "[a] carrier may not provide by rule, contract, or otherwise . . . a period of less than 2 years for bringing a civil action against it under this section." 49 U.S.C. § 14706(e)(1). However, this limitations period is not a rigid standard, but rather sets forth a reasonable time limit for filing a claim. *See Namatollahi v. Starving Students, Inc.*, No. 01-C-4310, 2002 U.S. Dist. LEXIS 16681, at *12-13 (N.D. Ill. Sept. 4, 2002) (citing *Yamazen USA, Inc. v. Chi. & NW Transp. Co.*, 790 F.2d 621, 623 (7th Cir. 1986)). As the statute's plain language indicates, the limitations are minimum time frames, not maximum. *Id*. Therefore, without the bills of lading, the Court cannot be certain of the timeliness of any future filing by Plaintiff; however, the Court notes that the alleged events took place more than two years ago, which would cause timeliness concerns if the bills of lading do not provide more time than the minimum years.

[6] Although none of the parties requested a transfer to the District of Nebraska, a court, where venue is improper, may *sua sponte* transfer the case to a district where venue is proper, pursuant to 28 U.S.C. §1406(a). *See, e.g., Sasso USA, Inc. v. Zein Invs., LLC*, No. 14-C-2057, 2014 U.S. Dist. LEXIS 135692, at *7 (N.D. Ill. Sept. 24, 2014) ("[w]here venue is improper, the court can sua sponte transfer the case to a

transfer it, the District of Nebraska must be a district where the case could have originally been brought. The Court finds that the District of Nebraska has subject matter jurisdiction because this is a civil action arising under the laws of the United States, as outlined in 28 U.S.C. § 1331, because Plaintiff seeks relief under 49 U.S.C. § 14706. Additionally, the District of Nebraska has personal jurisdiction over both Defendant Affton and Defendant Luckey.

Furthermore, the Court finds that the District of Nebraska would have personal jurisdiction over both defendants. Nebraska's long-arm statute provides jurisdiction over any person[7] who "transact[s] any business in this state." Neb. Rev. Stat. § 25-536 (2016). Both Defendants made deliveries into Nebraska, thereby transacting business within the state. Furthermore, Defendants' deliveries are sufficient minimum contacts with Nebraska, such that a suit there would not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945).

The Court finds that venue is proper as to both Defendants in the District of Nebraska. Under the Carmack Amendment, venue is proper under the "delivery carrier" provision because both Defendants operate in Nebraska by making deliveries

---

district where venue is proper under 28 U.S.C. § 1406(a)") (citations omitted); *MB Fin. Bank, N.A. v. Walker*, 741 F. Supp. 2d 912, 915 (N.D. Ill. 2010) ("moreover, a court may *sua sponte* transfer a case for improper venue"); *Thomas v. Exxon Mobil Oil Corp.*, No. 2:06-CV-144-RL-PRC, 2007 U.S. Dist. LEXIS 9689, at *19-22 (N.D. Ind. Feb. 8, 2007) (collecting cases supporting a court's ability sua sponte transfer a case under 28 U.S.C. § 1406(a)).

[7] Both a corporation (Defendant Affton) and a limited liability company (Defendant Luckey) are considered a "person" under Nebraska law. Neb. Rev. Stat. § 25-535 (2016).

there. 49 U.S.C. § 14706(d)(1). *See, e.g., Ponce De Leon*, 117 F. Supp. 3d at 130 (finding proper venue under § 14706(d)(1) in districts where carriers "actually transport property"). Additionally, venue would also be proper under the "carrier responsible for loss" provision, because the damage to the all of polypropylene arguably occurred when all four shipments were unloaded into one silo, in Nebraska. So while the damage to one load of polypropylene occurred when it was placed in the tainted truck, the damage to the entirety of the polypropylene occurred when the four shipments were mixed, which occurred in Nebraska. 49 U.S.C. § 14706(d)(2). *See also Ponce De Leon*, 117 F. Supp. 3d at 130 (finding proper venue under § 14706(d)(2) in the district of the destination site). Lastly, venue is also proper to both Defendants under the general venue statute because the District of Nebraska is the judicial district where a substantial part of the events occurred. 28 U.S.C. § 1391(b).

Therefore, the Court finds that the claims could have originally been brought in the District of Nebraska. The Court finds that it is in the interest of justice to transfer the entire case to the District of Nebraska because the District of Nebraska is the only proper venue for both Defendants. *See, e.g., Kinney v. Anchorlock Corp.*, 736 F. Supp. 818, 827 (N.D. Ill. 1990) (transferring a case under § 1406 to the "only jurisdictionally viable forum proposed").

Defendant Affton argues that the claims should be transferred to the District of Kansas, because Defendant Affton's shipment of the polypropylene began in Kansas City, Kansas. However, as this opinion makes clear, the district court must have jurisdiction and proper venue over both defendants. There is no indication that the District of Kansas would have personal jurisdiction or be the proper venue for

15

Defendant Luckey, who is headquartered in Illinois and shipped the polypropylene from Iowa to Nebraska.

Plaintiff asserts that the Court must weigh factors in considering whether to transfer venue, as explained in *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908 (N.D. Ill. 2009). The Court notes that *Jaramillo* discusses the factors considered when determining a transfer of venue under 28 U.S.C. § 1404(a). *Id.* at 913. However, in order for a case to be transferred under § 1404(a), the venue must be proper in the transferring district—i.e. this Court. Because venue is not proper in this Court, § 1404 is not applicable. However, transfer under § 1406 is appropriate and it is in the interests of justice to transfer the case, which will preserve Plaintiff's claims against possible timeliness issues and save Plaintiff an additional filing fee. *See, e.g., Peek v. Golden Nugget Hotel & Casino*, 806 F. Supp. 555, 560 (E.D. Penn. 1992).

Furthermore, applying the traditional considerations of the "interests of justice" factor support transferring the case to the District of Nebraska. First, the site of the silo and the contaminated polypropylene is in Broken Bow, Nebraska; therefore, the District of Nebraska is closer to the premise involved and has greater community relations to the issue than the Central District of Illinois. The District of Nebraska would also be closer for those witnesses involved in accepting the deliveries at the Broken Bow site and discovering the tainted polypropylene.

Plaintiff stated that they took the contaminated samples back for quarantine in Florida. Therefore, the evidence is over 1,000 miles from both the Central District of Illinois and the District of Nebraska and the District of Nebraska would not be a more inconvenient location for the evidence to be brought to. The Plaintiff does not

16

believe there will be any unwilling witnesses, therefore the convenience of witnesses is not a consideration. Additionally, although Plaintiff's choice of forum is usually given weight that cannot apply when Plaintiff does not pick a proper venue. Overall, the interest of justice clearly support transferring the case to the District of Nebraska.

Plaintiff also argues that the location of the damage is just as likely to have occurred in Illinois as it did in Kansas. The Court disagrees. The transportations were from Kansas City, Kansas to Broken Bow, Nebraska and from Des Moines, Iowa to Broken Bow, Nebraska. There are no facts alleged that the transportations ever passed through Illinois. Furthermore, given that Des Moines, Kansas City, and Broken Bow are all west of Illinois, the Court finds it highly unlikely that the transportations or the damage could have occurred in Illinois. Therefore, there is no indication that the damage could have occurred in Illinois or, more specifically, the Central District of Illinois. However, it is much more likely that the alleged damage occurred in the District of Nebraska, when the four truckloads were combined in Broken Bow.

The Court notes that Plaintiff's response to Defendant Affton's second motion to dismiss for improper venue requests that "if this court determines that there is an issue as to whether or not venue is proper under 49 U.S.C. § 14706(d)(2), Plaintiff requests that . . . the court allow Plaintiff to conduct limited discovery aimed solely at confirming that venue is proper. . . ." (Doc. 21 at 8). However, the Court finds that discovery as to venue under 49 U.S.C. § 14706(d)(2) is unnecessary, because § 14706(d)(2) establishes proper venue in the judicial district where the damage is alleged to have occurred. However, as discussed previously, there are no facts alleged

that any of the trucks were in Illinois or that the damage on the shipments between Iowa, Kansas, and Nebraska could have occurred in Illinois.

## IV. CONCLUSION

For the forgoing reasons, the Central District of Illinois is an improper venue for Defendant Affton. Therefore, under 28 U.S.C. § 1406 and in the interest of justice, a transfer to the District of Nebraska is warranted because the District of Nebraska is a proper venue for both Defendants and Plaintiff may continue its claims against both.

**IT IS THEREFORE ORDERED:**

Defendant Affton Trucking Company's Motion to Dismiss or Transfer (Doc. 20) is granted. This case is TRANSFERRED to the District of Nebraska. The Clerk is directed to transfer the case. Defendant's Motion to Dismiss (Doc. 15) and Defendant's Motion for Leave to File a Reply (Doc. 22) are DENIED AS MOOT.

Entered this _6th_ day of June, 2017.

                                                            s/ Joe B. McDade
                                                            JOE BILLY McDADE
                                          United States Senior District Judge